UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JAMEEL F. AL MUTHAFAR,

Petitioner,

v.

RUSSELL ROSS,

Respondent.

Case No. 1:25-cv-00076-DKG

**INITIAL REVIEW ORDER**

Following a stay of this case while Petitioner Jameel F. Al Muthafar pursued his claims in state court, Petitioner filed an Amended Petition for Writ of Habeas Corpus challenging his Idaho state court convictions. *See Am. Pet.*, Dkt. 16. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

## REVIEW OF PETITION

### 1. Background

Following a jury trial in the Fourth Judicial District Court in Ada County, Idaho, Petitioner was convicted of aggravated assault and attempted strangulation. Petitioner was sentenced to 15 years in prison with 5 years fixed. *See State v. Al Muthafar*, 560 P.3d 1029, 1032 (Idaho 2024).

In the instant Amended Petition for Writ of Habeas Corpus, Petitioner brings the following claims of ineffective assistance of trial counsel:[1]

| | |
|---|---|
| Claim 1: | Counsel failed to cross-examine the victim regarding "prior allegations and recantations." |
| Claim 2: | Counsel failed to "investigate Petitioner's competency and seek a competency determination." |
| Claim 3: | Counsel failed to move for a mistrial after Petitioner "engaged in outbursts or irrational behavior in the presence of the jury." |
| Claim 4: | Counsel failed to adequately object to the State's request for a continuance "in connection with approximately forty hours of audio recordings," thereby failing to protect Petitioner's right to a speedy trial. |
| Claim 5: | Counsel failed to investigate, interview, and present the testimony of police officers Cody Kingland, Brian Griffin, Brandon Frank, Alex Echols, Michelle DeGrange, and Monte Iverson, who had information regarding "prior accusations, statements, and recantations" that were relevant to the victim's credibility. |
| Claim 6: | Counsel failed to investigate, develop, and present a self-defense theory. |
| Claim 7: | Counsel failed to investigate and challenge bite-mark evidence. |

[1] The Amended Petition states, "Petitioner does not intend by this amendment to abandon any properly exhausted federal claim contained in his original federal petition." *Am. Pet*. at 1. However, Habeas Rule 2(c) requires a habeas petition "to specify all the grounds for relief" and does not permit multiple petitions. Therefore, any claim that is not included in the Amended Petition is considered not asserted in these proceedings. If Petitioner intends to assert additional claims to those in the Amended Petition, he must file (and serve upon Respondent) a second amended petition—including all claims and all facts supporting those claims—within 21 days after entry of this Order. In addition, if the Court's interpretation of any claim in the Amended Petition is incorrect, Petitioner must inform the Court and Respondent of all corrections within 21 days after entry of this Order.

| | |
|---|---|
| Claim 8: | Counsel failed to adequately investigate and challenge the reliability and credibility of the state's principal witness. |
| Claim 9: | Counsel and Petitioner suffered a breakdown in the attorney-client relationship due to (a) counsel's limited discussions with Petitioner, (b) a language barrier, including the lack of an interpreter "during important attorney-client communications," (c) counsel's "pressure" on Petitioner to plead guilty, and (d) counsel's failure "to adequately explain the evidence, investigate prospective witnesses, develop defenses, and prepare Petitioner for trial and testimony." |
| Claim 10: | Petitioner suffered cumulative prejudice from counsel's errors described in Claims 1 through 9. |

*Am. Pet.* at 2–5.

**2. Discussion**

The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

Federal habeas corpus relief is available to prisoners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). Habeas relief is not available for violations of state law, such as claims of error during state post-conviction proceedings. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam).

A petitioner must "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To properly exhaust a claim, a habeas

petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

If, in this case, Petitioner did not properly exhaust his claims in the Idaho Supreme Court before filing the petition, he may face procedural challenges from Respondent. The Court does not have the full record before it to determine whether Petitioner has properly exhausted his claims. The Court will order the Clerk of Court to serve the Amended Petition upon Respondent, who will be permitted to file an answer or a pre-answer motion for summary dismissal and will be ordered to provide a copy of relevant portions of the state court record to this Court.

Accordingly, Petitioner may proceed on the Petition to the extent that the claims (1) are cognizable—meaning they actually can be heard—in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or are subject to a legal excuse for any failure to exhaust in a proper manner. At this time, the Court expresses no opinion as to whether any of these issues applies to any of Petitioner's claims.

## ORDER

**IT IS ORDERED:**

1. The Clerk of Court will serve (via ECF) a copy of the Amended Petition (Dkt. 16), along with any attachments, together with a copy of this Order, on Deputy Attorney General Mark William Olson, on behalf of Respondent, at Mr. Olson's registered ECF address.

2. Within 120 days after service of the Petition, Respondent may file either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer on the merits if the motion is unsuccessful); or (2) an answer on the merits that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). The Court may consider the merits of claims that may be subject to a procedural bar if the merits analysis is more straightforward than a complicated procedural analysis.

3. Respondent must file with the responsive pleading or motion, or within a reasonable time thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations—which must be provided to the Court if the petition contains any sentencing claims—must be filed under seal. It is presumed that Petitioner has a copy of the state court record from his previous counsel. If Petitioner does not, Petitioner may file a motion to obtain relevant portions of the record, wherein Petitioner must state which portions of the state court record Petitioner does possess.

4. If the response to the habeas petition is an answer, Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served within 28 days after

service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

5. If the response to the habeas petition is a motion, Petitioner's response must be filed and served within 28 days after service of the motion, and Respondent's reply, if any, must be filed and served within 14 days thereafter.

6. In the response to the habeas petition, whether a pre-answer motion or an answer and brief, Respondent must include citations to all portions of the state court record that support Respondent's assertions. Although Respondent may include citations to a state appellate court decision that describes events that took place in a lower court, Respondent must also include citations to the underlying lower court record.

7. If any of Petitioner's claims is currently under consideration in state court proceedings, any party may file a motion to stay this case pending the outcome of those proceedings. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005); *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016).

8. No party may file supplemental responses, replies, affidavits, or other documents not expressly authorized by the Local Rules or by this Order without first obtaining leave of Court.

9. No discovery may be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Habeas Rules.

10. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. The Court will notify the parties if additional briefing is required on any issue.

11. Each party must ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil

Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

13. Petitioner must at all times keep the Court and Respondent advised of any change in address.

14. If Petitioner's custodian changes at any point during this litigation, Petitioner must file a Notice of Substitution of Respondent, within 28 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Habeas Rule 2(a).

DATED: October 7, 2026

Honorable Debora K. Grasham
United States Magistrate Judge